**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Southern District of Florida Case No.: 9:15-cv-81506-RLR
United States Bankruptcy Case No.: 12-29682-PGH

---

IN RE: WILLIAM SCOTT JACKSON and ROBYN CHRISTINE JACKSON, Debtors.

---

DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF VENDEE MORTGAGE TRUST 1996-2, Appellant,

v.

WILLIAM SCOTT JACKSON and ROBYN CHRISTINE JACKSON, Appellees

---

Appeal from the United States Bankruptcy Court, Southern District of Florida
West Palm Beach Division

---

**APPELLEES' BRIEF**

---

David Lloyd Merrill, Esquire
Fla. Bar No.: 99155
MERRILL PA
Trump Plaza Office Center
525 South Flagler Drive, Fifth Floor
West Palm Beach, FL 33401
(o) 561-877-1111
dlmerrill@merrillpa.com

## TABLE OF CONTENTS

I.   Statement of Appellate Jurisdiction..................................................3

II.  Statement of Issues on Appeal.......................................................4

III. Applicable Standard of Review......................................................5

IV.  Summary of the Argument...........................................................5

V.   Argument.................................................................................6

   A. THE BANKRUPTCY COURT CORRECTLY DETERMINED THAT THE ISSUES RAISED BY THE APPELLANT AT THE EVIDENTIARY HEARING WERE ALL RESOLVED AND RES JUDICATA BASED UPON THE BANKRUPTCY COURT'S BIFURCATION ORDER AND THAT THE TIME TO APPEAL THAT ORDER HAD LONG AGO EXPIRED....................................6

      i.  The Bifurcation Order is a Final Order......................7
      ii. The Bifurcation Order is *res judicata*......................9

   B. WHETHER THE BANKRUPTCY COURT CORRECTLY RULED AS IT DID, PERMITTING PROPERTY OF THE ESTATE THAT HAD BEEN OWNED BY THE DEBTOR FOR NEARLY A DECADE AND FOR WHICH THE CREDITOR HAD RECEIVED AND ACCEPTED PAYMENTS FROM THE DEBTOR FOR THAT SAME PERIOD OF TIME, TO BE THE BASIS FOR MODIFYING A LOAN THAT AFFECTED AND OTHERWISE IMPACTED THE DEBTOR'S OWNERSHIP OF THAT PROPERTY OF THE ESTATE..................9

   C. WHETHER THE APPELLANT HAS PROPERLY BROUGHT AN ISSUE TO THIS COURT THAT WAS NEVER PROPERLY RAISED OR PRESERVED IN THE LOWER COURT; SPECIFICALLY THAT THERE WAS ANY "UNCONSCIONABLE DELAY" OF ANY KIND......................................................................10

# TABLE OF AUTHORITIES

**CASES**

SUPREME COURT CASES

*FirsTier Mort. Co. v. Investors Mortg. Ins. Co.*, 498 U.S. 269, 273-74 (1991)..............8

*Nevada v. United States*, 463 U.S. 110, 130, 103 S.Ct. 2906, 2918,
77 L.Ed.2d 509 (1983)...................................................................................9

CIRCUIT COURT CASES

*Becton Dickinson & Co. v. C.R. Bard, Inc.*, 922 F.3d 792, 800 (Fed. Cir. 1990)............7

*Berman-Smith*, 737 F.3d 997, 1003 (5th Cir. 2013)..................................................3

*EEOC v. Pemco Aeroplex, Inc.*, 383 F.3d 1280, 1285 (11th Cir. 2004).....................5

*Englander*, 95 F.3d 1028, 1030 (11th Cir. 1996)................................................5

*Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999).......................5

**STATUTES**

28 U.S.C. §157(a), (b)(2)(B), (K), (L) and (O)....................................................3

28 U.S.C. §158(a)........................................................................................3

11 U.S.C. §506(a).......................................................................................4

11 U.S.C. §506(d).......................................................................................4

11 U.S.C. §541(a)........................................................................................9

11 U.S.C. §105..........................................................................................10

11 U.S.C. §1129........................................................................................10

**RULES**

F.R.A.P Rule 28(A)......................................................................................3

F.R.A.P Rule 28(B)......................................................................................3

F.R.A.P Rule 28(C)..................................................................................3

F.R.A.P Rule 28(D)..................................................................................4

F.R.B.P Rule 8002(a)(1)............................................................................3

F.R.B.P Rule 8002(a)................................................................................3

**OTHER AUTHORITIES**

Tuck, Andrew J., *"Strategic Considerations for Appellees in the Federal Courts of Appeals,"* The Federal Lawyer, p. 42, March, 2013..........................................7

## I.   STATEMENT OF APPELLATE JURISDICTION

A. F.R.A.P. Rule 28(A) Lower Court Subject Matter Jurisdiction: The United States Bankruptcy Court for the Southern District of Florida has subject matter jurisdiction of all issues herein pursuant to 28 U.S.C. §157(a), (b)(2)(B), (K), (L) and (O).

B. F.R.A.P. Rule 28(B) Appellate Court Subject Matter Jurisdiction: The United States District Court for the Southern District of Florida would have subject matter jurisdiction over this appeal pursuant to 28 U.S.C. §158(a) had this appeal been timely filed. However this court has no jurisdiction due to the failure of the Appellant to timely file an appeal related to the actual issues it complains of as required by Rule 8002(a)(1) of the Federal Rules of Bankruptcy Procedure ("FRBP"). *See In re: Berman-Smith*, 737 F.3d 997, 1003 (5th Cir. 2013) holding that a district court may not hear an appeal from a bankruptcy court if the notice of appeal was not filed within the time limit set by Rule 8002(a).

C. F.R.A.P. Rule 28(C) Dates and Timeliness: The issues on appeal repeatedly refer to the *Order Granting Order Confirming Debtor's Chapter 11 Plan of*

*Reorganization* entered on October 14, 2015 by the United States Bankruptcy Court ("Confirmation Order") but in reality were disposed of in full by the *Order Granting Motion to Value Pursuant to 11 U.S.C. §506(a) and to Bifurcate Pursuant to 11 U.S.C. §506(d) re: 1101 Glastonberry Avenue, Port St. Lucie, Florida* entered on September 12, 2013 ("Bifurcation Order"). [Bankr. DE #124]. As that order was never appealed and all issues raised by the Appellant herein was disposed of by that order, this appeal is not timely.

D. <u>F.R.A.P. 28(D) Final Order</u>: The Bifurcation Order was a final order that disposed of all the parties' claims and issues herein.

## II. STATEMENT OF ISSUES ON APPEAL

A. Whether the bankruptcy court correctly determined that the issues raised by the Appellant at the evidentiary hearing were all resolved and *res judicata* based upon the bankruptcy court's *Order Granting Motion to Value Pursuant to 11 U.S.C. §506(a) and to Bifurcate Pursuant to 11 U.S.C. §506(d) re: 1101 Glastonberry Avenue, Port St. Lucie, Florida* entered on September 12, 2013 ("Bifurcation Order") [Bankr. DE #124] and that the time to appeal that order had long ago expired.

B. Whether the bankruptcy court correctly ruled as it did, permitting property of the estate that had been owned by the Debtor for nearly a decade and for which the creditor had received and accepted payments from the Debtor for that same period of time, to be the basis for modifying a loan that affected and otherwise impacted the Debtor's ownership of that property of the estate.

C. Whether the Appellant has properly brought an issue to this court that was never properly raised or preserved in the lower court; specifically that there was any "unconscionable delay" of any kind.

### III.   APPLICABLE STANDARD OF REVIEW

The Appellees generally agree with the Appellant's recitation of the standard of review for reviewing an order approving a confirmation order, which is reviewed under an abuse of discretion standard. However, here, where the issues appealed from all revolve around a Bifurcation Order entered two years prior to the confirmation hearing, reciting an appellate standard is inapposite since there is no appellate jurisdiction related to timeliness. Were the District Court to review the underlying Bifurcation Order, that would be determined under the *de novo* standard. "In reviewing a bankruptcy court judgment as an appellate court, the district court reviews the bankruptcy court's legal conclusions *de novo*. The district court must accept the bankruptcy court's factual findings unless they are clearly erroneous. . . ." *In re Englander*, 95 F.3d 1028, 1030 (11th Cir. 1996). Also in reviewing issues of *res judicata*, the standard of review is also *de novo*. *EEOC v. Pemco Aeroplex, Inc.*, 383 F.3d 1280, 1285 (11th Cir. 2004) *See also, Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999).

### IV.   SUMMARY OF THE ARGUMENT

This cause arises from issues that should have been dealt with by the Appellant as related to a Bifurcation Order entered on September 12, 2013 that provides, in pertinent part, that the secured lien of the Appellant was set and fixed for purposes of any future plan of reorganization. That order was never appealed. The Appellant is now trying to resurrect issues, some of which are long final and non-appealable, as well as others that

were never raised at the Confirmation Hearing or preserved for this appeal, all in an effort to get a proverbial second bite at the apple to which they have no cognizable entitlement. And all essentially complaining that after having taken the Debtor's payments for over a decade, that the Debtor somehow has no ability to reorganize debt on property which can only be categorized as being property of the Debtor's bankruptcy estate.

Said another way, the Appellant wants this court to look at what it *wishes* its lien rights were at the time of confirmation, but in doing so asks the court to ignore that those lien rights were absolutely and irreversibly set two years prior. Not only should the Appellant's efforts not be permitted, but to the extent this court elects to review the same, this court should find that their arguments fail as a matter of law as fully set forth below.

## V. ARGUMENT

A. THE BANKRUPTCY COURT CORRECTLY DETERMINED THAT THE ISSUES RAISED BY THE APPELLANT AT THE EVIDENTIARY HEARING WERE ALL RESOLVED AND *RES JUDICATA* BASED UPON THE BANKRUPTCY COURT'S BIFURCATION ORDER AND THAT THE TIME TO APPEAL THAT ORDER HAD LONG AGO EXPIRED.

The primary crux of the Bifurcation Order and its impact upon confirmation is two-fold. First – and different from other bifurcation orders relied upon by the Appellants -- is that the Bifurcation Order herein provided in Paragraph 3 as follows:

> The first mortgage holder, Deutsche Bank National Trust Company, has an allowed secured claim in the amount of $38,000.00 which will be treated as an allowed secured claim in **any plan and disclosure statement filed in this case.** (*Emphasis added*)

Based upon this language, the Bifurcation Order can only be described as a final order. Having never been appealed, the Appellant is bound by that order.

i.  The Bifurcation Order is a Final Order

As has been previously discussed, the Appellant failed to address the issue of whether the Bifurcation Order is a final order at any point either at the Confirmation Hearing or in its Brief. Indeed, in its Designation of Issues on Appeal [DE #5-2], the Appellant listed several issues preserved for appellate consideration. The issue of order finality as to the Bifurcation Order was not among those items preserved. Furthermore, order finality was not addressed in the Appellant's Brief. This is fatal for the Appellants for two reasons. First, the issue of order finality and the *res judicata* effect of the Bifurcation Order were specifically raised, argued and ruled upon by Hon. Paul Hyman at the Evidentiary Confirmation Hearing on August 28, 2015 at 9:30 a.m. *See* Tr. of August 28, 2015 Hrg.

Second, because the issue of order finality was specifically raised, argued and ruled upon and no appeal of this issue was timely raised, the Appellants cannot now attempt to untimely resurrect it. Indeed, it is "not permissible to raise a new argument in a reply. . .; all arguments must be raised in the opening brief." *Becton Dickinson & Co. v. C.R. Bard, Inc.,* 922 F.3d 792, 800 (Fed. Cir. 1990); *See also* Tuck, Andrew J., *"Strategic Considerations for Appellees in the Federal Courts of Appeals,"* The Federal Lawyer, p. 42, March, 2013. (It is well-accepted that an appellant waives any argument in favor of reversal by not raising that argument in its opening brief). Accordingly the Bifurcation Order must be deemed a final order, and not only should it have been timely appealed by the Appellants if they had any issue with the language thereon or its affect, but having not done so that order is accorded *res judicata* effect.

Even if, *arguendo*, the issue of finality had been raised, the Bifurcation Order is a final order on its face. In determining whether an order is final order not, the Court cannot, as espoused by the Appellant, make grand generalizations and must properly analyze the specific order at hand when determining an order's finality. This is because what makes a particular order final or not is not determined by looking generally at what one might find in another order or how other similar orders might be viewed, but by whether the particular order at issue ends the litigation on the merits. *FirsTier Mort. Co. v. Investors Mortg. Ins. Co., 498 U.S. 269, 273-74 (1991).* As to the finality of the litigation on the Appellant's claim and its treatment in any plan or disclosure statement, it is, as previously stated, Paragraph 3 of the Bifurcation Order that is fatal to the arguments advanced by the Appellant.

Paragraph 3 resolves the question of value and the secured status of the Appellant's lien with finality wherein it states "The first mortgage holder, Deutsche Bank National Trust Company, has an allowed secured claim in the amount of $38,000.00 which will be treated as an allowed secured claim *in any plan and disclosure statement filed in this case.*" (emphasis added). This means that irrespective of whatever other orders or cases relied upon by the Appellants that were based upon those orders might have said or might generally say on the issue of valuation and the amount of secured lien held by a particular creditor, *this particular order is absolutely final in its application*: Value and the secured status of the creditor is set for "any plan and disclosure statement filed," and there is simply nothing further to litigate at a later date because by its plain meaning, this particular Bifurcation Order resolves those issues and ends the litigation on the merits with finality.

### ii. The Bifurcation Order is *res judicata*

It is critical to note that the Appellant has in no way appealed the issue of whether Judge Hyman's giving *res judicata* effect to the Bifurcation Order was correct. Indeed in none of its issues stated and argued in its brief did the Appellant even raise the issue of *res judicata* at all. This is fatal to the Appellant's appeal for two reasons: first, it means that the Bifurcation Order does enjoy *res judicata* effect. *Res judicata*, or claim preclusion, bars relitigation of matters that were litigated or could have been litigated in an earlier suit. *Nevada v. United States*, 463 U.S. 110, 130, 103 S.Ct. 2906, 2918, 77 L.Ed.2d 509 (1983). Second, because the Bifurcation Order resolved the issue of what the secured lien of the Appellants was for purposes of cram down, none of their issues as raised can succeed. Specifically, each of the issues raised on appeal in DE #8 on Page 6 with the exception of Issue C concern themselves with value and the amount of the secured claim, or suggests that an evidentiary hearing was somehow denied them to resolve these issues. However, none of these points can be correct if the very issues they want to have an evidentiary hearing on: value and the amount of their secured claim, were already resolved with finality by the Bifurcation Order. Accordingly, the Confirmation Order should be affirmed.

> B. WHETHER THE BANKRUPTCY COURT CORRECTLY RULED AS IT DID, PERMITTING PROPERTY OF THE ESTATE THAT HAD BEEN OWNED BY THE DEBTOR FOR NEARLY A DECADE AND FOR WHICH THE CREDITOR HAD RECEIVED AND ACCEPTED PAYMENTS FROM THE DEBTOR FOR THAT SAME PERIOD OF TIME, TO BE THE BASIS FOR MODIFYING A LOAN THAT AFFECTED AND OTHERWISE IMPACTED THE DEBTOR'S OWNERSHIP OF THAT PROPERTY OF THE ESTATE.

Property of the estate is broadly defined by 11 U.S.C. §541(a) to include virtually all property interests of the debtor as of the petition date and even some interests acquired


Case 9:15-cv-81506-RLR   Document 18   Entered on FLSD Docket 06/10/2016   Page 11 of 12

post-petition. The exceptions spelled out in §541 are narrow, generally well-defined and uniformly interpreted, leaving no doubt whatsoever that the real property in question is property of the Debtor's bankruptcy estate. Ignoring for the moment that the Bifurcation Order resolved the issue of the amount of the secured claim and whether it could be treated in a Chapter 11 plan, the Appellant's arguments are almost shocking in what they are trying to espouse. Specifically, the Appellants would have this court believe that despite the fact that they had readily accepted these Debtors' payments for nearly ten years and never took issue with that fact nor took umbrage with the public record that clearly set forth whom the order was – the Debtors in this case – that somehow they can now state that their debt cannot be modified. Thankfully this is not an issue that was not resolved by the Bifurcation Order. But had it not been, 11 U.S.C. §105, which invokes the court's equitable and inherent powers, certainly would apply to these facts.

    C.    WHETHER THE APPELLANT HAS PROPERLY BROUGHT AN ISSUE TO THIS COURT THAT WAS NEVER PROPERLY RAISED OR PRESERVED IN THE LOWER COURT; SPECIFICALLY THAT THERE WAS ANY "UNCONSCIONABLE DELAY" OF ANY KIND

This argument was never properly raised or preserved at the hearing before the bankruptcy court and therefore cannot be properly raised at this time. More importantly, as stated above this plan was proposed and confirmed because it complied with all of the requirements of 11 U.S.C. §1129 in that the Bifurcation Order had already resolve all of the issues the Appellant is now complaining of. Moreover, had the alleged delay truly been unconscionable, the Appellant was free to file an appropriate motion long ago – something it did not do. Having failed to file any such motion, it is not appropriate to attempt to raise the issue before this court now at this late date.

10

## CONCLUSION

The Appellant simply cannot get around the simple fact that it just did not opt to engage the bankruptcy process when its rights were being adjudicated with finality. Moreover because it failed to properly preserve or raise other issues before the lower court, it simply has not provided any basis upon which its appeal could be successful. Accordingly, the Confirmation Order at issue should be AFFIRMED.

## CERTIFICATION

I HEREBY CERTIFY that a true copy of the foregoing document has been furnished by CM/ECF electronically to Gerard M. Kouri, Jr. Esquire at gmkouri@aol.com on June 10, 2016.

Respectfully submitted,
**MERRILL PA**

BY:   /s/ *David Lloyd Merrill*
DAVID LLOYD MERRILL, Esq.
Florida Bar No. 99155
Trump Plaza Office Center
525 S Flagler Drive, Fifth Floor
West Palm Beach, FL 33401
561.877.1111
dlmerrill@merrillpa.com