IN THE U.S. DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(*West Palm Beach*)
CASE NO. 15-CV-81506-RLR

Deutsche Bank National Trust Company, f/k/a Bankers Trust Company of California, N.A., as Trustee for the Certificateholders of Vendee Mortgage Trust 1996-2,

Appellant/Secured Creditor,

v.

William Scott Jackson and Robyn Christine Jackson,

Appellees/Debtors

APPEAL FROM THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No. 12-29682-PGH

**APPELLANT'S REPLY BRIEF**

LAUDY LUNA PEREZ (FBN 044544)
Email: llp@lgplaw.com
TRICIA J. DUTHIERS (FBN 664731)
Email: tjd@lgplaw.com
ADAM TOPEL (FBN 0113916)
LIEBLER, GONZALEZ & PORTUONDO
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
Tel: (305) 379-0400
Fax: (305) 379-9626
*Counsel for Appellant*

# **TABLE OF CONTENTS**

TABLE OF CITATIONS ................................................................................................................ iii

ARGUMENT .................................................................................................................................. 1

    I.    DEUTSCHE PROPERLY APPEALED AFTER ENTRY OF THE FINAL CONFIRMATION AND PROPERLY PRESERVED ALL ARGUMENTS .......... 1

        A.    The Valuation Order was a Non-Final, Non-Appealable Order that Became Reviewable Only After Entry of the Final Confirmation ............... 1

        B.    To the Extent the Order on the Motion to Value entered in 2013 was a Final Order, It Can Still Be Appealed After the Entry of the Confirmation Order ................................................................................... 2

        C.    Deutsche Properly Preserved and Raised the Issues on Appeal ................... 4

    II.    THE JACKSONS HOLD NO TITLE TO THE SUBJECT LOAN AND THEREFORE CANNOT CRAM DOWN THE VALUE OF THE DEBT ............. 7

    III.    DEUTSCHE RAISED AND PRESERVED THE ISSUE OF UNCONSCIONABLE DELAY ................................................................................ 8

CONCLUSION ............................................................................................................................... 8

CERTIFICATE OF SERVICE ....................................................................................................... 9

# **TABLE OF CITATIONS**

*Barben v. Donovan* (*In re Donovan*),
    532 F.3d 1134 (11th Cir. 2008) ........................................................................................1

*Chase Manhattan Mortg. Corp. v. Rodriguez* (*In re Rodriguez*),
    272 B.R. 54 (D. Conn. 2002) .........................................................................................3, 4

*Gen. Elec. Credit Equities, Inc. v. Brice Rd. Devs., L.L.C.* (*In re Brice Rd. Devs., L.L.C.*),
    392 B.R. 274 (B.A.P. 6th Cir. 2008)...................................................................................3

*Giesbrecht v. Fitzgerald* (*In re Giesbrecht*),
    429 B.R. 682 (B.A.P. 9th Cir. 2010)................................................................................2, 3

*In re Jablonski*,
    88 B.R. 652 (E.D. Pa. 1988) ...........................................................................................1, 2

*In re Sanders*,
    540 B.R. 911 (Bankr. S.D. Fla. 2015)..............................................................................1, 2

*Steele v. Premier Capital L.L.C.* (*In re Steele*),
    297 B.R. 589 (Bankr. E.D. Mo. 2003) ...............................................................................7

*U.S. Bank Nat'l Ass'n v. Lewis & Clark Apts., LP* (*In re Lewis & Clark Apts.*),
    479 B.R. 47 (B.A.P. 8th Cir. 2012)..................................................................................1, 2

*Williams v. Wayne Cnty. Treasurer* (*In re Williams*),
    No. 2:14-cv-11844-VAR-MKM, 2014 U.S. Dist. LEXIS 129972 (E.D. Mich. Sep. 17,
    2014) ................................................................................................................................3, 4

**Other Authorities**

11 U.S.C. § 1129................................................................................................................................4
11 U.S.C. § 506..................................................................................................................................1
11 U.S.C. § 541(a)(1).........................................................................................................................7
28 U.S.C § 158(a) ..............................................................................................................................1
Fed. R. Bankr. P. 8002(a)(1)..............................................................................................................1
Fed. R. Bankr. P. 8013(a)(3)..............................................................................................................4
Fed. R. Bankr. P. 8014(a)(4)..............................................................................................................4

**ARGUMENT**

I. **DEUTSCHE PROPERLY APPEALED AFTER ENTRY OF THE FINAL CONFIRMATION AND PROPERLY PRESERVED ALL ARGUMENTS.**

A. *The Valuation Order was a Non-Final, Non-Appealable Order that Became Reviewable Only After Entry of the Final Confirmation*

Throughout their answer brief, the Jacksons maintain that the 2013 Order Granting Motion to Value was a final order and that Deutsche failed to timely appeal it. That argument lacks merit, as the order was non-final and non-reviewable until the bankruptcy plan was confirmed.

District courts have jurisdiction to hear appeals "from final judgments, orders, and decrees" in bankruptcy cases. 28 U.S.C § 158(a). A notice of appeal must be filed within 14 days after entry of the judgment, order, or decree being appealed. Fed. R. Bankr. P. 8002(a)(1). To be considered "'final' for purposes of a bankruptcy appeal, a bankruptcy court's order must 'completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief.'" *In re Sanders*, 540 B.R. 911, 917 (Bankr. S.D. Fla. 2015) (quoting *Barben v. Donovan* (*In re Donovan*), 532 F.3d 1134, 1136–37 (11th Cir. 2008)).

A valuation order entered before a plan has been presented to the bankruptcy court for confirmation is not a final determination of value. *In re Jablonski*, 88 B.R. 652, 654 (E.D. Pa. 1988). "Generally speaking, an order valuing collateral [under 11 U.S.C. § 506], standing alone, is not a final order . . . ." *U.S. Bank Nat'l Ass'n v. Lewis & Clark Apts., LP* (*In re Lewis & Clark Apts.*), 479 B.R. 47, 50–51 (B.A.P. 8th Cir. 2012). "[T]o the extent that the court place[s] specific dollar amounts on the secured claim and allow[s] the remaining debt as an unsecured claim, the order is not final. The specific amounts of the secured and unsecured claims depend upon the value of the property as of the date of confirmation of the debtor's plan, a date and event which have not yet

1

occurred." *In re Jablonski*, 88 B.R. at 655 (citations omitted). And when a bankruptcy order is non-final, it is not immediately appealable as a matter of right, but it "merge[s] into the court's final confirmation order" and becomes reviewable on appeal of the final confirmation. *Giesbrecht v. Fitzgerald* (*In re Giesbrecht*), 429 B.R. 682, 688 (B.A.P. 9th Cir. 2010).

Here, the bankruptcy court entered its Order Granting Motion to Value on September 12, 2013. [ECF 124 to Bankruptcy Proceeding.] The order valued the Jacksons' real property at $38,000.00. [*Id.*] It also established that Deutsche had a secured claim on the property in that amount. [*Id.*] However, the order was non-final because the "amounts of the secured . . . claims depend[ed] upon the value of the property as of the date of confirmation of the debtor's plan, a date and event which ha[d] not yet occurred." *In re Jablonski*, 88 B.R. at 655; *accord In re Sanders*, 540 B.R. at 917; *In re Lewis & Clark Apts.*, 479 B.R. at 50–51. Accordingly, the order was not immediately appealable as a matter of right, and it instead merged into the final plan confirmation and became reviewable once the confirmation was entered. *In re Giesbrecht*, 429 B.R. at 688. The bankruptcy court entered the confirmation order on October 14, 2015. There is no question that the confirmation order is a final order. Likewise, there is no dispute that Deutsche's appeal was timely filed within 14 days of the confirmation. Since Deutsche timely appealed the confirmation order, it may also seek review of the valuation used at the time of confirmation. Accordingly, the Jacksons' argument is without merit.

> **B. To the Extent the Order on the Motion to Value entered in 2013 was a Final Order, It Can Still Be Appealed After the Entry of the Confirmation Order.**

Even if the Court somehow finds that the valuation order was final, the order can still be appealed after entry of the plan confirmation.

2

To the extent a valuation order constitutes a final order, the aggrieved party can appeal the order immediately, or it can wait until the entry of the plan confirmation to appeal. *Williams v. Wayne Cnty. Treasurer* (*In re Williams*), No. 2:14-cv-11844-VAR-MKM, 2014 U.S. Dist. LEXIS 129972, at *7 (E.D. Mich. Sep. 17, 2014); *Chase Manhattan Mortg. Corp. v. Rodriguez* (*In re Rodriguez*), 272 B.R. 54, 58 (D. Conn. 2002); *Gen. Elec. Credit Equities, Inc. v. Brice Rd. Devs., L.L.C.* (*In re Brice Rd. Devs., L.L.C.*), 392 B.R. 274, 282 n.4 (B.A.P. 6th Cir. 2008). "[T]he right to immediately appeal an order under § 506(a) does not preclude appeal of that order from plan confirmation." *In re Williams*, 2014 U.S. Dist. LEXIS 129972, at *7 (quoting *In re Brice Rd. Devs.*, 392 B.R. at 282 n.4); *see also Giesbrecht v. Fitzgerald* (*In re Giesbrecht*), 429 B.R. 682, 688 (B.A.P. 9th Cir. 2010) (explaining that the "right to appellate review when the final confirmation order *is* entered should not be forfeited simply because [the appellants] did not seek the opportunity for earlier review"). Requiring a pre-confirmation appeal from a 506(a) order potentially causes unnecessary delay and costs. *In re Rodriguez*, 272 B.R. at 58. On the other hand, "[a]llowing parties to appeal final 506(a) orders from plan confirmation, even if they could have appealed earlier, would keep the bankruptcy process moving forward and would permit parties to prepare a single appeal if their interests were actually affected by the final determination of amounts of secured and unsecured claims." *Id*.

Consistent with the foregoing, insofar as the 2013 valuation order was final, Deutsche was within its rights to wait for confirmation of the plan to appeal. *In re Williams*, 2014 U.S. Dist. LEXIS 129972, at *7; *In re Rodriguez*, 272 B.R. at 58; *In re Brice Rd. Devs.*, 392 B.R. at 282 n.4; *In re Giesbrecht*, 429 B.R. at 688. Moreover, despite the order's statement that the valuation should be used for purposes of a plan and disclosure statement, the order could not adjudicate a future plan's

3

compliance with 11 U.S.C. § 1129 for purposes of confirmation. *See Williams*, 2014 U.S. Dist. LEXIS 129972, at *7. Deutsche's appeal of the valuation order also would have just added an unnecessary appeal and would have prevented the case from moving forward. Furthermore, as the harm to Deutsche was not evident until the confirmation, any earlier appeal of the order would have been unnecessary. *See In re Rodriguez*, 272 B.R. at 58.

### C. *Deutsche Properly Preserved and Raised the Issues on Appeal*

The Jacksons also mistakenly claim that Deutsche somehow failed to "preserve" the issue of finality/appealability by not raising it in the trial court or in the initial appellate brief. *See* Appellees' Br. 7. They further argue that Deutsche failed to challenge the "res judicata" effect of the valuation order on appeal. Appellees' Br. 9. These arguments lack merit.

First, an appellant is not required to "preserve" or preemptively argue the reviewability of an order before appealing it. The appellant must state the basis of the appellate court's jurisdiction in the initial brief. *See* Fed. R. Bankr. P. 8014(a)(4). Deutsche did so in this case. *See* Appellant's Br. 5. The appellant may also need to furnish additional argument if appellee moves to dismiss the appeal for lack of jurisdiction. *See generally* Fed. R. Bankr. P. 8013(a)(3). Deutsche did that in this case as well. *See* Response to Mot. Dismiss 2–8. But an appellant doesn't have to preempt every possible appealability challenge with arguments both in the initial brief and in the trial court itself.

Regardless, Deutsche raised any necessary arguments to the trial court in this case. In its objection to the reorganization plan, Deutsche argued that

> "**the proper frame of reference for determining value in a § 506 bifurcation proceeding is the date of plan effectiveness.**" *Foss v. Foss* (*In re Foss*), 1998 U.S. App. LEXIS 11765 (9th Cir. Wash. June 4, 1998).

4

>           **Accordingly, for purposes of Chapter 11 Plan confirmation, the value of the Subject Property must be determined at or near the time of Chapter 11 Plan confirmation.** *See Everett v. Perez* (*In re Perez*), 30 F.3d 1209, 1214-15 (9th Cir. 1994), *citing United States Sav. Ass'n v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 377 (1988) (noting that "value, as of the effective date of the plan" language in section 1129(b)(2)(A)(i)(II) requires a present value analysis).
>           **Debtors valued the Subject Property back in September 2013, nearly 2 year ago. Said valuation is now stale and may not be used as valuation for purposes of Chapter 11 confirmation.** Secured Creditor has obtained its own contemporaneous appraisal, which values the Subject Property at $90,000 as of January 7, 2015. . . . Secured Creditor respectfully requests proposed Plan of Reorganization be denied as the valuation of the Subject Property set forth by Debtors is inadequate and stale.

D.E. 240 at 6 (emphasis added).

   Deutsche further argued at the August 28, 2015 hearing:

>           **It is our contention that the property must be valued again as of the effective date of the plan.** And to that end, we have brought our appraiser here. And we're referring to 1129(b)(2)(A)II, which states that, for a plan to be fair and equitable, with respect to a secured claim secured creditor, that **creditor must receive on such claim at least the allowed amount of such claim of a value as of the effective date of the plan.**
>           We know that we have here a prior valuation order that was entered in 2013, based on the value of the property at the time of the bankruptcy filing, August 16, 2012. **That valuation is stale.** That valuation came out 38,000. **We have an appraiser who is set to testify that as of August 17th of this year the property's value is $101,000. We believe that is the correct date that the property must be valued.**
>           The earlier appraisal is stale. It wasn't worthless. There's value to that appraisal in the sense that it could be used to dictate adequate protection payments, it could be used to determine how much of any cash collateral, if that were an issue with this property, could be used by the debtor. And so there were reasons for that earlier valuation. But the case, we're now three years into the case, **and we're now at a stage where we're determining confirmation or no confirmation.** The fact that the case is three years old is not

5

>   our responsibility.  It was the debtor's responsibility to get the case moving forward.  That earlier appraisal could have been the appraisal for this case if confirmation occurred at that point or shortly thereafter, but it did not.
>
>   Again, we're three years into this case.  **That valuation is three years old.  The value of the property has increased.  And we're prepared to put on testimony as to the value.**
>
>   . . . .
>
>   . . . **I don't think it has a res judicata effect.  The Code still requires that whatever determination had been made earlier had -- the treatment in the plan now has to be fair and equitable to that creditor. That's the treatment in the plan now.**
>
>   . . . .
>
>   . . . We as a creditor, under the Code, under 1129, still have the right to come in and object and say, that valuation today is not fair and equitable to us.  And it is not, because the property has substantially increased in value.
>
>   **And so we do not believe that that order is res judicata to us.**  It had its purpose, but its purpose is not to bind us three years after the fact when a property is increasing.
>
>   If the situation was reversed, I'm sure I would be confronted with a situation where a debtor tried to say no, that property is not worth what it was three years ago, and you, creditor, bear the burden of the decrease in value.  **Here the creditor had the right and the ability to move the Chapter 11 case forward.  They did not do so.  We as a creditor should not be penalized because of that.**
>
>   . . . .
>
>   . . . As I interpret and read [the valuation order], and of course I can't put my thoughts into what you were saying, that's your determination, but the way I view that is, treat it, go ahead, file your plan, notice it out to everyone, file your disclosure statement, notice it out to everyone, but we as a creditor still have our right to object if circumstances have changed.  And they have been.  It's three years later.

D.E. 288 at 13–15, 18–19 (emphasis added).

And with respect to the alleged "res judicata" effect of the valuation order, Deutsche argued in its initial appellate brief that:

>   **Undoubtedly, the Appellees believe that the previous Motion to Value is res judicata** as to not only the valuation as

6

> memorialized in the Order on Motion to Value, but also the findings required by the Court prior to confirmation. **This is incorrect**. . . . .
>
> . . . .
>
> . . . The Order on Motion to Value does state that "The first mortgage holder, Deutsche Bank National Trust Company, has an allowed secured claim in the amount of $38,000.00 which will be treated as an allowed secured claim in any plan and disclosure statement filed in this case." **However, there is no finding as to 11 U.S.C. §1129(b) and whether the value provided the Appellant its amount as of the effective date of the plan.**
>
> . . . .
>
> . . . **As such, the argument of res judicata is not appropriate here.**

Appellant's Br. 11–14 (record citations omitted) (emphasis added).

For these reasons, res judicata does not apply to this case, but Deutsche properly preserved and raised on appeal any necessary argument that the valuation order was non-final and that valuation had to be redone as of the effective date of the confirmation.

## II. THE JACKSONS HOLD NO TITLE TO THE SUBJECT LOAN AND THEREFORE CANNOT CRAM DOWN THE VALUE OF THE DEBT

On pages 9 and 10 of their brief, the Jacksons maintain that they have standing to modify the loan and cram down the debt value. *See* Appellees' Br. 9–10. This argument lacks merit, as they have no ownership interest in the loan and property.

A bankruptcy estate includes all legal and equitable interests of a debtor as of the commencement of the case. 11 U.S.C. § 541(a)(1). But if the debtor holds no ownership interest in certain property, it is not includable in the estate. *Steele v. Premier Capital L.L.C.* (*In re Steele*), 297 B.R. 589, 591 (Bankr. E.D. Mo. 2003).

Here, Sean B. Houlihan is the only obligor on the note and mortgage. The debtors' names do not appear anywhere on those documents. Nor do they have any privity of contract or estate. See

7

D.E. 185 at 2. Accordingly, they have nothing to discharge, cure, or reorganize with respect to the mortgage debt, and they have no standing to cram it down.

### III. DEUTSCHE RAISED AND PRESERVED THE ISSUE OF UNCONSCIONABLE DELAY

On page 10 of their brief, the Jacksons argue that Deutsche waived any argument regarding unconscionable delay. *See* Appellees' Br. 10. That argument lacks merit, as Deutsche raised the issue in the bankruptcy court.

As quoted above, Deutsche argued specifically that

> we're now three years into the case, and we're now at a stage where we're determining confirmation or no confirmation. **The fact that the case is three years old is not our responsibility. It was the debtor's responsibility to get the case moving forward. . . .**
> . . . .
> If the situation was reversed, I'm sure I would be confronted with a situation where a debtor tried to say no, that property is not worth what it was three years ago, and you, creditor, bear the burden of the decrease in value. **Here the creditor had the right and the ability to move the Chapter 11 case forward. They did not do so. We as a creditor should not be penalized because of that.**

D.E. 288 at 14, 18–19 (emphasis added). Accordingly, Deutsche preserved the unconscionable-delay argument, and the issue is properly before this Court.

### CONCLUSION

For the reasons stated here and in Deutsche's initial brief, Deutsche respectfully requests that this Court (1) reverse the bankruptcy court's order confirming plan, (2) remand for further findings of fact and conclusions of law, and (3) award Deutsche attorneys' fees and costs associated with this appeal.

          **LIEBLER, GONZALEZ & PORTUONDO**
*Counsel for Appellant, Deutsche Bank National Trust Company*
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
(305) 379-0400
Primary:  service@lgplaw.com

By:   /s/ Laudy Luna Perez
    Laudy Luna Perez(FBN 044544)
    Email: llp@lgplaw.com
    Tricia J. Duthiers (FBN 664731)
    Email: tjd@lgplaw.com
    Adam M. Topel (FBN 0113916)
    Email: amt@lgplaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been furnished on June 27, 2016 to all parties on the Service List below.

                          /s/ Laudy Luna Perez
                          LAUDY LUNA PEREZ

Service List:

*Debtors:*
William Scott Jackson
Robyn C. Jackson
139 Brookhaven Court
Palm Beach Gardens, FL 33418

*Counsel for Debtor:*
David L. Merrill, Esq.
Merrill PA
Trump Plaza Office Center
525 S Flagler Drive, 5th Floor
West Palm Beach, FL 33401
Email: dlmerrill@merrillpa.com

*Counsel for Debtor:*
K Drake Ozment
2001 Palm Beach Lks Blvd #410
West Palm Beach, FL 33409
Email: ecf@drakeozment.com

*Counsel for Debtor:*
Tina M. Talarchyk, Esq.
The Talarchyk Firm
205 Worth Ave., #320
The Worth Avenue Building
Palm Beach, FL 33480
Email: tmt@palmbeachbk11.com

*Counsel for U.S. Trustee:*
Heidi A Feinman
Office of the US Trustee
51 SW 1 Ave, #1204
Miami, FL 33130
Email: Heidi.A.Feinman@usdoj.gov

10