UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 9:15-CV-81506-RLR

DEUTSCHE BANK NATIONAL TRUST COMPANY,
f/k/a Bankers Trust Company of California, N.A., as
Trustee or the Certificateholders of Vendee Mortgage
Trust 1996-2,

    Appellant,

v.

WILLIAM SCOTT JACKSON and
ROBYN CHRISTINE JACKSON,

    Appellees.
_____/

**OPINION AND ORDER**

**I.    Introduction**

Appellant-Creditor Deutsche Bank National Trust Company ("Deutsche") appealed the Order Confirming Debtor's Chapter 11 Plan ("Confirmation Order"). Bankruptcy Case 12-29682 at DE 275. Appellee-Debtors William Jackson and Robyn Jackson ("the Jacksons") moved to dismiss [DE 10] the appeal. Both the motion and the appeal itself are now before the Court. For the reasons discussed below, the Jacksons' Motion to Dismiss is denied and this case is remanded for further proceedings before the bankruptcy court.

**II.    Background**

The Jacksons voluntarily filed for relief under Chapter 11 of the Bankruptcy Code on August 16, 2012. *Id.* at DE 1.[1] Deutsche held a first mortgage on the property located at 1101 SW

---

[1] These facts are contained in the record on appeal, however, because of the mode in which the Clerk of the Court has docketed the record on appeal, the Court cites to the docket in the case below for the sake of simplicity.

Glastonberry Avenue, Port St. Lucie, FL 34953 ("Glastonberry").[2] *Id.* at DE 94. On August 13, 2013, the Jacksons filed an Amended Motion to Value Pursuant to 11 U.S.C. § 506(a) and to Bifurcate Pursuant to 11 U.S.C. § 506(d) ("Valuation Motion"). *Id.* The Valuation Motion asked the bankruptcy court to value Glastonberry at $38,000.00 and to bifurcate the portion of any allowed claim secured by Glastonberry's value from the claim's unsecured remainder. *Id.* Deutsche did not oppose the Valuation Motion.

On September 12, 2013, the Valuation Motion was granted. *Id.* at DE 124. The Valuation Order valued Glastonberry at $38,000.00 and provided: "The first mortgage holder, Deutsche Bank National Trust Company, has an allowed secured claim in the amount of $38,000.00 which will be treated as an allowed secured claim in any plan and disclosure statement filed in this case." *Id.* Deutsche did not appeal the Valuation Order. On May 28, 2015, the Jacksons filed both their Second Amended Disclosure Statement, *id.* at DE 227, and Second Amended Chapter 11 Plan of Reorganization, *id.* at DE 226. Deutsche filed Objections to the Debtor's Plan of Reorganization on June 10, 2015. *Id.* at DE 240. A confirmation hearing was held on August 28, 2015. *Id.* at DE 288. Following the hearing, the Confirmation Order was entered on October 14, 2015. *Id.* at DE 275. Deutsche timely appealed the Confirmation Order on October 27, 2015. *Id.* at DE 277.

### III.  STANDARD OF REVIEW

A district court reviews the factual findings of a bankruptcy court for clear error. Fed. R. Bankr. P. 8013. Conclusions of law and the application of law to the facts of a case are reviewed *de novo*. *In re Feingold*, 730 F.3d 1268, 1272 n.2 (11th Cir. 2013).

---

[2] Bank of America, N.A. held a second mortgage on the property.

## IV.  JURISDICTION

Federal courts are courts of limited jurisdiction. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). District courts have jurisdiction over the final judgments, orders, and decrees of bankruptcy courts. 28 U.S.C. § 158(a)(1). A bankruptcy court order confirming a plan for reorganization under Chapter 11 is a final order. *See* 11 U.S.C. § 1141(a). "A notice of appeal must be filed with the bankruptcy clerk within 14 days after the entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1). The "timely filing of a notice of appeal is mandatory and jurisdictional." *In re Williams*, 216 F.3d 1295, 1298 (11th Cir. 2000). Deutsche timely appealed the Confirmation Order.

## V.  DISCUSSION

### 1. The Valuation Order is not a Final, Appealable Order

The Jacksons contend that Deutsche is not appealing the Confirmation Order, but rather is appealing the underlying Order Granting Motion to Value Pursuant to 11 U.S.C. § 506(a) and to Bifurcate Pursuant to 11 U.S.C. § 506(d) ("Valuation Order") entered on September 12, 2013. The Jacksons argue that because the Valuation Order is final, Deutsche's appeal is untimely. This Court concludes that the Valuation Order is not a final order and, therefore, denies the Motion to Dismiss.

A final order ends litigation on the merits, "leaving nothing to be done but execute the judgment." *In re Donovan*, 532 F.3d 1134, 1136 (11th Cir. 2008). Finality is interpreted more flexibly in bankruptcy cases. *Id.* Because a bankruptcy is an aggregation of controversies, "[i]t is generally the particular adversary proceeding or controversy that must have been finally resolved rather than the entire bankruptcy litigation." *Commodore Holdings, Inc. v. Exxon Mobile Corp.*, 331 F.3d 1257, 1259 (11th Cir. 2003). But a final order must nonetheless "completely resolve all of the issues pertaining to a discrete claim . . ." *In re Atlas*, 210 F.3d 1305, 1308 (11th Cir. 2000). This standard is met where a court has "resolved the litigation, decided the merits, determined the rights

3

of the parties, settled liability, or established damages." *In re Ashoka Enter., Inc.*, 156 B.R. 343, 345 (S.D. Fla. 1993).

The Jacksons' Valuation Motion was filed pursuant to § 506(a) of the Bankruptcy Code. Section 506(a) addresses two processes that work hand in hand: bifurcation and valuation. Bifurcation, the subject of § 506(a)(1)'s first sentence, is the separation of an undersecured creditor's claim into two parts: the portion secured by the value of the debtor's collateral and an unsecured remainder. 11 U.S.C. § 506(a)(1). Valuation, the subject of § 506(a)(1)'s second sentence, is the process by which the value of the debtor's collateral is determined. *Id.* The Valuation Order in this case both valued Glastonberry at $ 38,000.00 and bifurcated Deutsche's claim, per the Jacksons' Valuation Motion. But not every order on a motion to value is final. *See, e.g.*, *Sain v. Isles at Bayshore Master Ass'n, Inc.,* No. 14-20338-MC, 2014 WL 357200 (S.D. Fla. Jan. 31, 2014).

Section 506(a)(1)'s second sentence provides that the value of an allowed secured claim "*shall be determined in light of the purpose of valuation* and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interests." This text reflects the reality that valuations have a variety of potential purposes, even within Chapter 11. A valuation may, for example, be used to assess adequate protection, *see* 11 U.S.C. § 361, or to determine the value of a claim to be treated under a proposed Chapter 11 plan of reorganization, *see* 11 U.S.C. § 1129(b). These needs arise at different points during the life of a bankruptcy. Thus, the statute's text invites the conclusion that "the purpose of the valuation dictates its timing." *See In re Stanley*, 185 B.R. 417, 423 (Bankr. D. Conn. 1995); *accord* 3 *Collier on Bankruptcy*, ¶ 506.4 (15th ed. 1992) (explaining that the value of the property should be determined as of the date to which the valuation relates). The Court must, therefore, inquire into the valuation's purpose.

4

The Valuation Motion does not state a purpose; nor is one evident in light of the case's posture. The Jacksons rely heavily on the Valuation Order's statement that: "The first mortgage holder, Deutsche Bank National Trust Company, has an allowed secured claim in the amount of $38,000.00 which will be treated as an allowed secured claim in *any plan and disclosure statement filed in this case*." (emphasis added). This language, the Jacksons argue, is proof positive that the Valuation Order set the secured claim's value for purposes of confirmation. This Court disagrees. The language in the Valuation Order refers to the debtor's plan and disclosure statement. The amounts submitted in a debtor's plan and disclosure statement do not bind its creditors. Instead, the plan becomes binding only after confirmation. *See* 11 U.S.C. § 944. Before confirmation, creditors may object to the debtor's plan. Accordingly, determining the amount and status of Deutsche's claim for use in "any plan and disclosure statement" could not be accurately characterized as having "resolved the litigation, decided the merits, determined the rights of the parties, settled liability, or established damages." *In re Ashoka Enter., Inc.*, 156 B.R. at 345.

At the confirmation hearing, however, Judge Hyman found that the amount designated in the Valuation Order bound Deutsche for purposes of the confirmed plan. Deutsche's counsel argued that the Valuation Order set only the amount that the Jacksons would include in their proposed plan and disclosure statement—an amount subject to Deutsche's right to object at confirmation. Judge Hyman rejected that argument, responding:

> I think – I have to disagree. And the reason is, the language of paragraph 3 and 4. Paragraph 4 says a balance of Deutsche Bank National Trust and its successors and/or assigns will be treated as a general unsecured claim. There was no reason to value at that point, set those values, if it was not for purposes of, and that's how it's going to be treated in a plan.

DE 5 at 19-20. Judge Hyman noted that although he had held in a different case that the effective date or confirmation date is "the date the valuation occurs for purposes of treatment under the plan," "the law of this case says differently." *Id.* at 20-21. This Court holds that the bankruptcy court erred

5

as a matter of law when it assessed whether the confirmation requirements were met by reference to a two-year-old valuation.

The majority of courts to consider the question have held that for purposes of confirming a Chapter 11 plan of reorganization, the proper time for valuation is the date of confirmation. *See, e.g.*, *In re Stanley*, 185 B.R. 417, 425 (Bankr. D. Conn. 1995) (collecting cases).[3] Indeed, Judge Hyman noted at the confirmation hearing that he recently took this position himself in another case. The conclusion that valuation for purposes of confirmation ought to be conducted on or near the confirmation date is amply supported by statutory structure. Section 506(a) directs that the determination of value be made in light of the circumstances. If the value of the collateral were conclusively determined early in the case "the language in Section 506(a) would be rendered meaningless in the context of confirmation proceedings. This is contrary to the overall statutory scheme." *Matter of Seip*, 116 B.R. 709, 711 (Bankr. D. Neb. 1990).

Moreover, binding Deutsche to a valuation that took place nearly two years before confirmation would deprive § 1129 of meaning. Section 1129(a) of the Bankruptcy Code sets forth sixteen requirements for confirmation, providing that "[t]he court shall confirm a plan only if all of the following requirements are met . . . ." 11 U.S.C. § 1129(a). Creditors who believe these requirements are unmet have the opportunity to object at confirmation. Subsection (a)(8) requires that all impaired classes of creditors must vote to accept the plan. *Id.* at § 1129(a)(8). Should any creditor object, leaving subsection (a)(8) unmet, there is an alternate route to confirmation. *See* § 1129(b). Known as the "cramdown" provision, subsection (b) provides that a plan may be

---

[3] *See, e.g.*, *Ahlers v. Norwest Bank Worthington (In re Ahlers),* 794 F.2d 388, 398 (8th Cir. 1986), *rev'd in part on other grounds,* 485 U.S. 197, 108 S. Ct. 963, 99 L.Ed.2d 169 (1988); *In re Union Meeting Partners,* 178 B.R. 664, 674 n.7 (Bankr. E.D. Pa. 1995); *In re Columbia Office Assocs. Ltd. Partnership,* 175 B.R. 199, 202 (Bankr. D. Md. 1994); *Matter of Atlanta Southern Business Park, Ltd.,* 173 B.R. 444, 450 (Bankr. N.D. Ga. 1994); *Schreiber v. United States (In re Schreiber),* 163 B.R. 327, 332 (Bankr. N.D. Ill. 1994); *In re Melgar Enters., Inc.,* 151 B.R. 34, 39 (Bankr. E.D.N.Y. 1993); *Matter of Savannah Gardens–Oaktree,* 146 B.R. 306, 308 (Bankr. S.D. Ga. 1992); *Matter of Seip,* 116 B.R. 709, 711 (Bankr. D. Neb. 1990); *but see, e.g.*, *In re Beard,* 108 B.R. 322 (Bankr. N.D. Ala. 1989).

confirmed over the objections of impaired creditors so long as the plan does not "discriminate unfairly" and is "fair and equitable." *Id.*

Here, Deutsche objected that the proposed plan was not "fair and equitable." Importantly, this objection goes directly to Glastonberry's value. With respect to secured claims, this requirement can be met in one of three ways outlined in § 1129(b)(2)(A)(i)–(iii).[4] To satisfy subsection (A)(i), the holder of the secured claim must retain his lien to secure deferred cash payments totaling at least the amount of his claim. 1129(b)(2)(A)(i). Those payments must have a present value of at least the value of the claimant's interest in the collateral. *Id.* Alternatively, a plan may satisfy subsection (A)(iii) by providing for the claimant to receive the "indubitable equivalent" of its claim. 1129(b)(2)(A)(iii). These determinations are made at confirmation and, therefore, ought to be made by reference to a value determined at or near confirmation.

In light of the statutory language and the weight of the case law, this Court holds that insofar as the valuation in this case was conducted for purposes of confirmation, it ought to have been be conducted on or near the confirmation date. This holding necessitates the legal conclusion that the $ 38,000.00 figure designated in the Valuation Order was not final. It was, instead, subject to change in the period before confirmation—the sort of fluctuation Deutsche argues occurred here. The Motion to Dismiss is, therefore, denied.

This analysis also addresses the first two arguments raised by Deutsche on appeal. The thrust of those arguments is that a valuation conducted two years before confirmation is stale for purposes of assessing whether the confirmation requirements in § 1129 are met. For the reasons discussed above, this Court agrees. Accordingly, the Confirmation Order is reversed as to the amount of Deutsche's secured claim on Glastonberry.

---

[4] Subsection (A)(ii) is not relevant because the plan does not contemplate Glastonberry's sale. *See* DE 226 at 3–4.

2. <u>The Valuation Order is not *Res Judicata*</u>

The Jacksons argue that Deutsche is improperly resurrecting matters already disposed of by a final order. But as discussed in Section (A), the Bifurcation Order was not final. In the Eleventh Circuit a party invoking *res judicata* must satisfy four initial elements: (1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action. *In re Piper Aircraft*, 244 F.3d 1289, 1296 (11th Cir. 2001). "If even one of these elements is missing, *res judicata* is inapplicable." *Id.* Because the Bifurcation Order was not final, it is not *res judicata*.

The Jacksons' brief also argues that Deutsche erred in failing to preserve the issue of the Bifurcation Order's finality and its alleged *res judicata* effect for appeal. These issues were directly raised and argued by Deutsche in its written objections and at the confirmation hearing:

> I don't think it has a *res judicata* effect. The Code still requires that whatever determination had been made earlier had—the treatment in the plan now has to be fair and equitable.
>
> . . .
>
> Debtors valued the Subject Property back in September 2013 . . . Said valuation is stale and may not be used as valuation for purposes of Chapter 11 confirmation.

DE 240 at 6; DE 288 at 18–19.  The Jacksons' waiver argument is, therefore, without merit.

3. <u>Deutsche Failed to Preserve its Argument Grounded in § 1129(A)(3) for Appeal</u>

Deutsche argues that the bankruptcy court erred in confirming the Jacksons' plan because the circumstances evidenced bad faith in violation of § 1129(A)(3). Deutsche, however, failed to preserve this argument for appeal. "If the record reflects an issue was presented in a cursory manner and never properly presented to the Bankruptcy Court, the issue is not preserved for appeal." *In re Monetary Group*, 91 B.R. 138, 148 (M.D. Fla. 1988) (quoting *In re Espino,* 806 F.2d 1001, 1002 (11th Cir. 1986)). Deutsche did not properly present its § 1129(A)(3) objection to the bankruptcy

8

court. In its Initial Brief, Deutsche states that "[t]he Objection [] contained issues surrounding the lack of good faith and fair dealing under 11 U.S.C. § 1129(b)." Nowhere, however, does the Objection address the argument that the good faith requirement imposed by § 1129(A)(3) was unmet. The Objection merely discusses the factual circumstances which Deutsche's Initial Brief later seized on in fleshing out its good faith argument—this is insufficient. Likewise, Deutsche did not mention a potential objection on these grounds at the confirmation hearing. The objection, therefore, is not properly before this Court for review.[5]

### 4. The Bankruptcy Court did not Err in Failing to Make Findings of Fact or Conclusions of Law Pursuant to Federal Rule of Civil Procedure 52

Federal Rule of Bankruptcy Procedure 7052 makes Federal Rule of Civil Procedure 52(a) applicable to bankruptcy proceedings. Rule 52(a) provides that "[i]n all actions tried upon the facts without a jury . . . the court shall find the facts specially and state separately its conclusions of law thereon." But Bankruptcy Rule 9014 grants bankruptcy courts "discretion in a contested matter, . . . as distinct from an adversary proceeding, to disregard B.R. 7052, which requires detailed findings of fact and separate conclusions of law in litigated adversary proceedings." *In re Evans Products Co.,* 65 B.R. 31, 34 (Bankr. S.D. Fla 1986). Although "contested matter" is not defined, the Notes of the Advisory Committee on the 1983 amendment to Rule 9014 explain: "Whenever there is an actual dispute, other than an adversary proceeding, before the bankruptcy court, the litigation to resolve that dispute is a contested matter." An objection to confirmation gives rise to such a contested matter. 5 *Collier on Bankruptcy* ¶ 1324.01 (noting that an objection to confirmation gives

---

[5] The Eleventh Circuit has carved out exceptions allowing courts to consider arguments presented for the first time on appeal, including circumstances where: (1) the issue involves a pure question of law and the refusal to consider it would result in a miscarriage of justice; (2) appellant had no opportunity to raise the objection in the lower court; (3) substantial interest of justice is at stake; (4) the proper resolution is beyond any doubt; and (5) the issue presents significant questions of general impact or great public concern. *In re George's Candy Shop, Inc.*, No. CIVA 08-177-KD-B, 2008 WL 2945560, at *4 (S.D. Ala. July 28, 2008)(citing *Dean Witter Reynolds, Inc. v. Fernandez,* 741 F.2d 355, 360-61 (11th Cir.1984)). None of these exceptions, however, applies here.

rise to a contested matter). This Court declines to find that the bankruptcy court abused its discretion to disregard B.R. 7052.

Other courts have held that "where it is possible to determine the bases upon which the court below acted, and the record is clear enough for the appellant to recognize those grounds, the appellant has not been prejudiced and error in the court below's failure to comply with Rule 52(a) is harmless." *In re Blaise*, 219 B.R. 946, 948–49 (B.A.P. 2d Cir. 1998). Here, the transcript of the confirmation hearing was clear enough to notify Deutsche that the bankruptcy court declined to hear its appraiser's testimony about the increase in Glastonberry's value because the bankruptcy court considered the amount set in the Valuation Order to be the law of the case.

Deutsche also complains that the bankruptcy court ought to have made detailed findings of fact and law regarding: "issues concerning the Appellees' lack of privity of contract and non-obligor status" and "issues surrounding the lack of good faith and fair dealing." At least the first of these objections was properly before the bankruptcy court. It is, however, clear that Judge Hyman endeavored to rule on each objection at the confirmation hearing—presumably with the goal of providing Deutsche a clear record of the court's reasons for overruling each objection. Indeed, Judge Hyman directly asked: "Any remaining objections, comments, that I have not ruled on?" DE 5 at 27. His question was met with silence. This Court declines to find, in light of this opportunity, that the bankruptcy court abused its discretion.

    5.   <u>The Bankruptcy Court Did Not Err in Failing to Hold Evidentiary Hearings</u>

Deutsche also advances the argument that the bankruptcy court erred by failing to "allow an evidentiary hearing" to discuss: "the non-obligor issue," "the increase in value of the Subject Property," and "whether the plan was proposed in good faith."

This Court reviews a bankruptcy court's decision not to conduct an evidentiary hearing for abuse of discretion. *See, e.g.*, *In re Grunau*, 376 B.R. 322, 329 (M.D. Fla. 2007). But this standard

is not squarely applicable for a simple reason: the bankruptcy court held a hearing. Indeed, Deutsche acknowledges that the confirmation hearing was noticed as an evidentiary hearing. Deutsche's argument, therefore, reduces to a protestation that the items listed were not discussed to its satisfaction. This argument is without merit.

Deutsche had an opportunity to raise its argument about the increase in Glastonberry's value. The bankruptcy court not only noted its reasons for declining to credit this argument, it also allowed Deutsche to proffer its proposed valuation on the record, preserving the matter for appeal. As far as this Court can discern, the only reason that the remaining two issues were not discussed at the confirmation hearing is that Deutsche's counsel did not address them when Judge Hyman asked directly whether any objections remained on which he had not ruled.

    6.   <u>Deutsche Failed to Properly Present its Standing Argument</u>

Deutsche argues that the bankruptcy court erred by failing to consider its argument that the Glastonberry property was not a part of the bankruptcy estate because the only obligor on the underlying note (secured by the property) was an unrelated third party, not the debtor. As an initial matter, Deutsche's argument on this point does not cite to any part of the record on appeal. Federal Rule of Appellate Procedure 28(a)(8) requires an appellant to include in the argument section of an appellant brief "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Deutsche's argument on this point does not comply with Rule 28(a)(8); however, Deutsche does cite to relevant portions of the record on appeal in an earlier part of its appellant brief.

In response, the Jacksons argue that Deutsche should be equitably estopped from this line of attack because Deutsche accepted payments on the loan from the debtor for ten years. The Jacksons' arguments do not contain a single citation to the record on appeal. The Jacksons' response therefore does not comply with Rule 28(a)(8).

11

In the proceeding below, Deutsche filed written objections to confirmation. DE 5–10 at 32. Deutsche objected to the stale valuation of Glastonberry and to the inclusion of Glastonberry in the bankruptcy estate in light of the identity of the obligor on the promissory note. *Id.* At the confirmation hearing, Deutsche argued the issue of the stale valuation, but Deutsche did not argue the issue of the identity of the obligor when the bankruptcy the court asked whether there were any remaining objections after it expressly ruled on Deutsche's valuation objection. *See* DE 6 at 27. Rather, Deutsche was silent—Deutsche did not respond to the bankruptcy court's inquiry. The Court therefore views Deutsche's silence as answering the bankruptcy judge's question in the negative—there were no other pending objections, and the objection had either been withdrawn or abandoned. As a result of Deutsche's silence, those objections were therefore not preserved for appeal. *See United States v. Bennett*, 472 F.3d 825, 833 (11th Cir. 2006) ("[Defendant] had an opportunity to make this objection to the . . . court, and he failed to do so. Therefore, Bennett waived this argument."); *United States v. Phillips*, No, 14-14660, 2016 WL 4435613, at *6 (an affirmative choice not to object results in a waiver and therefore bars a later appeal on the unvoiced objection);[6] *see also* pgs. 8–9, *supra*.

## VI.   CONCLUSION

The Court finds that the Valuation Order was not a final, appealable order and that the proper time for determining valuation for purposes of confirmation in this case was on or near the confirmation date. Therefore, Deutsche's appeal is timely and Deutsche ought to have been given the opportunity to present evidence as to Glastonberry's value on the confirmation date for purposes of assessing whether the confirmation requirements were met. It is hereby **ORDERED AND ADJUDGED** that the Jacksons' Motion to Dismiss is **DENIED**, the Confirmation Order is

---

[6] The facts of these cases are distinguishable from the instant case insofar as these cases did not involve written objections that were not brought to the judge's attention at a subsequent hearing (despite the judge's inquiry); these cases are cited for the proposition that an affirmative choice was made by Deutsche not to bring these matters before the bankruptcy court and, as a result of this election, there is no decision in the proceeding below for this Court to review.

**REVERSED** as to the amount of Deutsche's secured claim on Glastonberry, and the case is **REMANDED** to the bankruptcy court for proceedings consistent with this opinion.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 27th day of September, 2016.

Copies furnished to:
Counsel of record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE